RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 23a0227p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

LARHONDA DUNLAP PEREZ,

*Plaintiff-Appellee*,

*v.*

No. 23-5193

BRYAN SIMPSON, Officer,

*Defendant*,

JOSH PATRICK, Officer,

*Defendant-Appellant*.

Appeal from the United States District Court
for the Western District of Kentucky at Bowling Green.
No. 1:18-cv-00064—Gregory N. Stivers, District Judge.

Decided and Filed:  October 11, 2023

Before:  KETHLEDGE, THAPAR, and MATHIS, Circuit Judges.

_____

**COUNSEL**

**ON BRIEF:**  Jason Bell, BELL, HESS & VAN ZANT, PLC, Elizabethtown, Kentucky, for Appellant.  Aaron Bentley, Louisville, Kentucky, for Appellee.

_____

**OPINION**

_____

THAPAR, Circuit Judge.  When Officer Josh Patrick tried to arrest LaRhonda Perez, she ran.  After a chase, Perez suddenly stopped at a street, and Officer Patrick tased her.  Perez sued,

alleging Officer Patrick used excessive force.  The district court denied him qualified immunity.  Because Officer Patrick's appeal rests on a factual dispute, we dismiss for lack of jurisdiction.

I.

Officers Bryan Simpson and Josh Patrick drove to LaRhonda Perez's house to execute seven felony arrest warrants.  Officer Simpson approached Perez behind the house.  After a brief exchange, Perez bolted.

Officer Patrick and Perez agree on most of what happened next.  Perez twisted and wove her way through the neighborhood—including across a two-way street—in a chase the length of two football fields.  While running, Officer Patrick ordered her to stop.  Perez didn't listen.  So Officer Patrick fired his taser.  He missed, and Perez kept fleeing.  She headed toward another two-lane street, intending to cross.  But a row of moving cars stood in her way, so she stopped.

Here's where the accounts diverge.  Perez alleges she raised her hands and stood still, expecting to be handcuffed.  Officer Patrick claims she didn't raise her hands and instead took off running.  Both agree, however, that at that moment, Officer Patrick made the split-second decision to fire his taser again.  This time, it connected.  Perez fell forward and hit her chin on the ground, fracturing her jaw.  She later pled guilty to evading police and resisting arrest.

Perez filed suit under 42 U.S.C. § 1983, alleging Officer Patrick used excessive force when he fired his taser.  The district court denied Officer Patrick's request for summary judgment on qualified immunity grounds.  This appeal follows.

II.

We start and end with our jurisdiction.  Typically, we lack jurisdiction to review a denial of summary judgment.  *See* 28 U.S.C. § 1291.  We may, however, review a denial of qualified immunity, but only if it "turns on an issue of law."  *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985).  And in this appeal, the facts are everything.  So we lack jurisdiction.

We briefly explain why.  When analyzing excessive force, our circuit often sorts taser cases based on "[a] simple dichotomy"—was the suspect actively resisting or not?  *Rudlaff v. Gillispie*, 791 F.3d 638, 642 (6th Cir. 2015).  Fleeing from officers is active resistance.

*See VanPelt v. City of Detroit*, 70 F.4th 338, 340 (6th Cir. 2023). And tasing an actively resisting suspect is not excessive force. *Rudlaff*, 791 F.3d at 642.

It's undisputed that, seconds before Officer Patrick fired his taser, Perez was actively resisting. But Perez claims she stopped, raised her hands, and surrendered the instant before Officer Patrick tased her.[1] Officer Patrick disagrees. The district court denied qualified immunity based on this factual dispute. And the parties' briefing on appeal rehashes these same facts.

But in fast-paced, high-intensity situations like this one, the "was she still resisting?" question is not the whole ballgame. Our Fourth Amendment inquiry focuses on what was "knowable" to a reasonable officer. *White v. Pauly*, 580 U.S. 73, 77 (2017). Another dispositive question is whether, at the time Officer Patrick fired his taser, every reasonable officer would have *perceived* Perez as no longer actively resisting arrest. Then—and only then—should qualified immunity be denied.

But answering that question requires resolving factual disputes. And because we can't resolve those disputes on appeal, we dismiss this appeal for lack of jurisdiction and remand.

---

[1]In her deposition, Perez says she didn't intend to surrender. R. 89-1, Pg. ID 548 ("I wasn't going to surrender."). But under circuit precedent, we must accept both the facts as the plaintiff alleges and the inferences drawn by the district court. *DiLuzio v. Vill. of Yorkville*, 796 F.3d 604, 609 (6th Cir. 2015). *But see Romo v. Largen*, 723 F.3d 670, 678 (6th Cir. 2013) (Sutton, J., concurring). Because the district court inferred that Perez surrendered, we are bound by that conclusion. But this isn't the last chance for Officer Patrick to assert qualified immunity. If, after Perez presents her evidence at trial, it's clear that either (a) Perez was actively resisting arrest or (b) a reasonable officer wouldn't have recognized that Perez had stopped actively resisting arrest, the district court must grant qualified immunity. And, of course, the jury may as well.