NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0224n.06

Case No. 25-1919

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
May 20, 2026
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| RAYSHAWN WALDEN, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| CITY OF DETROIT, MICHIGAN, | ) | DISTRICT OF MICHIGAN |
| Defendant, | ) | |
| | ) | |
| BAILEY RUMSCHLAG, | ) | O P I N I O N |
| Defendant-Appellant. | ) | |
| | ) | |

Before: COLE, STRANCH, and BUSH, Circuit Judges.

COLE, Circuit Judge. While on patrol, Detroit police officers Bailey Rumschlag and Jacob Patterson pulled into a gas station and saw Rayshawn Walden with a noticeable bulge under his t-shirt. Rumschlag exited the car and Walden ran. Rumschlag pursued Walden, shortly thereafter firing six shots, one of which hit Walden from behind. Walden sued Rumschlag and the City of Detroit, bringing excessive force and municipal liability claims under 42 U.S.C. § 1983 along with Michigan state-law claims. The defendants moved for partial summary judgment, which the district court denied. Rumschlag appeals the denial of qualified immunity. Because this appeal rests on a factual dispute, we dismiss for lack of jurisdiction.

I.

We review the denial of qualified immunity de novo. *Peck v. Bridgeport Machs., Inc.*, 237 F.3d 614, 617 (6th Cir. 2001); *Campbell v. Cheatham Cnty. Sheriff's Dep't*, 47 F.4th 468, 475 (6th

Cir. 2022). At the interlocutory appeal stage, "ideally, we . . . look no further than the district court's opinion for the pertinent facts and inferences." *Bunkley v. City of Detroit*, 902 F.3d 552, 560 (6th Cir. 2018). Here, however, our review is constrained by the district court's decision not to issue a written opinion. *See Peck*, 237 F.3d at 617.

We may nonetheless consider the court's reasoning as stated in the transcript of the summary judgment hearing. *Id.* During the hearing, the district court indicated that it had reviewed the evidence and thoroughly explained its basis for denying Rumschlag's motion for summary judgment. And following the proceeding, the district court issued an order that incorporated its reasoning from the hearing and denied summary judgment.

Further, when we possess video of an incident, as here, we view the facts "in the light depicted by any unambiguous footage." *Campbell*, 47 F.4th at 475. But when the video contains "relevant gaps or uncertainties," we must view those gaps "in the light most favorable to" the nonmoving party. *LaPlante v. City of Battle Creek*, 30 F.4th 572, 578 (6th Cir. 2022) (quoting *Latits v. Phillips*, 878 F.3d 541, 544 (6th Cir. 2017)). We thus draw the following facts from body camera footage and the hearing transcript.

A.

The relevant altercation is relatively brief, lasting just over a minute on video. Rumschlag pulled into the gas station parking lot because he saw the imprint of a gun tucked into Walden's waistband. Rumschlag exited the vehicle, and Walden fled. So Rumschlag pursued Walden down a side street.

During the chase, Rumschlag ordered Walden to "stop" several times and threatened to shoot if Walden did not "drop [the gun]." Eventually, Rumschlag turned onto another street, while raising his own gun. The body camera does not show Walden, but around this time, he threw his

gun away from "the path of travel." (Mot. Hr'g Tr., R. 41, PageID 592–93.)

A few seconds later, Rumschlag shot at Walden six times, hitting him once in the back. Walden did not stop running and attempted to escape over a fence. Shortly thereafter, the officers apprehended Walden, and Rumschlag asked him where the gun was.

B.

Walden sued Rumschlag and the City of Detroit in the Eastern District of Michigan, bringing claims for a violation of his Fourth Amendment right to be free from excessive force and municipal liability pursuant to 42 U.S.C. § 1983 as well as claims of gross negligence and willful, wanton misconduct under Michigan law against Rumschlag only. The defendants moved for summary judgment, which the district court construed as a motion for partial summary judgment because it did not address Walden's state-law claims. Walden opposed the defendants' motion, and the defendants did not reply.

The district court held a hearing and identified a genuine dispute of material fact: whether Walden turned toward Rumschlag with a gun around the time he was shot. Accordingly, the court denied summary judgment. Rumschlag timely appealed.

II.

Rumschlag first argues that he is entitled to qualified immunity because his actions were objectively reasonable. Because Rumschlag asserts this defense, Walden must show that (1) Rumschlag violated his constitutional rights and (2) at the time of the violation, "it was clearly established" that Rumschlag's conduct violated the Constitution. *Heeter v. Bowers*, 99 F.4th 900, 908 (6th Cir. 2024) (citation modified). Before reaching these questions, we must first assure ourselves of our jurisdiction. Because we lack jurisdiction, our analysis begins and ends with this

threshold issue.

Since the denial of summary judgment is typically not a final decision, we generally cannot review it immediately. *Bunkley*, 902 F.3d at 559. We retain jurisdiction, however, over a denial of qualified immunity "only to the extent the appeal turns on an issue of law." *Heeter*, 99 F.4th at 908 (citation modified). "We have no power of review where the officer's appeal is based on a quarrel with the plaintiff's record-supported facts, which the district court must adopt at summary judgment." *Id.* Accordingly, this court lacks jurisdiction where the legal arguments rest primarily on a defendant's own disputed account of the facts. *See, e.g.*, *Perez v. Simpson*, 83 F.4th 1029, 1031 (6th Cir. 2023). "Where the disputed factual issues are 'crucial' to the appeal, 'we may not simply ignore' the dispute, and we must dismiss for lack of jurisdiction." *Ramsey v. Rivard*, 110 F.4th 860, 866 (6th Cir. 2024) (quoting *Adams v. Blount County*, 946 F.3d 940, 951 (6th Cir. 2020)). But even if an interlocutory appeal contains a factual dispute, we may nonetheless assert our jurisdiction where either (1) the defendant concedes the most favorable version of the facts to the plaintiff for purposes of the appeal or (2) the record blatantly contradicts the district court's factual determination. *Id.*

We first consider whether the disputed factual issues are crucial to this appeal. Because they are, we then consider whether this appeal falls within the two narrow circumstances where we may nonetheless entertain a fact-based interlocutory appeal.

A.

Rumschlag disputes the district court's assessment that there is a genuine dispute as to whether Walden turned and aimed his gun at him. Rumschlag asserts that his conduct during the pursuit was "objectively reasonable" because Walden ignored "repeated commands" and withdrew a "firearm and turned toward" him. (Appellant Br. 9.)

But crucial factual disputes remain when viewing the evidence in the light most favorable to Walden, as we must at this stage. *See LaPlante*, 30 F.4th at 578. Walden maintains that he did not turn around or point his gun at anyone; he touched the weapon only to discard it. And the testimony of Rumschlag's partner, Patterson, supports this account. Although Patterson could not see Walden when Rumschlag fired shots, Patterson never saw Walden turn around or aim a gun at the officers.

The body camera video does not show Walden removing anything from his waistband. Nor does it show him turning around or pointing his gun at the officers. And where the video contains gaps, we must view this evidence in the light most favorable to Walden, which suggests that he did not turn around or point the weapon in the officers' direction. *See id.*

For his part, Rumschlag contends that Walden removed the gun from his waistband, held it while fleeing, and was "moving [it] all over the place." (Rumschlag Dep., R. 32-3, PageID 263.) And according to him, because Walden kept looking back over his shoulder and did not throw the gun at the first corner, Rumschlag thought Walden intended to use the gun.

The extent to which Walden turned towards the officers and pointed his gun and when he discarded the weapon "go to the heart of the legal issue:" whether Rumschlag's conduct was objectively reasonable. *See Adams*, 946 F.3d at 949.

B.

We thus may assert jurisdiction only if an exception applies. *See Ramsey*, 110 F.4th at 866. But neither works here.

Rumschlag does not genuinely concede Walden's version of the facts. *See Gillman v. City of Troy*, 126 F.4th 1152, 1159 (6th Cir. 2025) (explaining that a defendant's concession "must be genuine" and cannot accept the plaintiff's view for purposes of jurisdiction while continuing to

dispute the underlying facts). He acknowledges that we must view the facts in the light most favorable to Walden. But Rumschlag also repeatedly claims that Walden drew his gun and turned toward him, directly contradicting Walden's testimony.

Nor is the district court's determination "blatantly contradicted by the record, so that no reasonable jury could believe it." *Ramsey*, 110 F.4th at 866 (quoting *Adams*, 946 F.3d at 948). Walden occasionally cannot be seen, but where the footage does capture him, he does not turn around. The record, therefore, fails to resolve the crucial factual disputes.

This case thus comes down to "dueling affidavits" where Rumschlag rests his appeal "entirely on a version of the facts that would absolve [him] of liability." *See Heeter*, 99 F.4th at 910–11 (citing *Berryman v. Rieger*, 150 F.3d 561, 563–64 (6th Cir. 1998) ("[I]t is now obvious that [this] appeal boils down to credibility determinations we cannot make.")). Because "the facts are everything" in this appeal, we lack jurisdiction. *See Perez*, 83 F.4th at 1031.

Accordingly, we dismiss this part of Walden's appeal.

## III.

Rumschlag also contends that he is entitled to immunity on Walden's state-law claims. But he failed to move for summary judgment on these claims. Walden's response also did not address the state-law claims. The district court therefore declined to reach them. And "[w]ithout a denial of qualified immunity, we lack interlocutory appellate jurisdiction to address [Rumschlag's] argument." *See Little v. City of Morristown*, Nos. 23-5302, 23-5303, 2024 WL 1530468, at *3 (6th Cir. Apr. 9, 2024) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985)).

To the extent it turns on a legal issue, a district court's "denial of a claim of qualified immunity . . . is an appealable 'final decision.'" *Mitchell*, 472 U.S. at 530 (quoting 28 U.S.C. § 1291). But when a party does not raise a claim of qualified immunity before the district court,

the court's failure to consider the defense as to that claim is not a determination on the merits of the claim. *See id.*; *see also Little*, 2024 WL 1530468, at *3. Thus, there is no final decision for us to review.

Rumschlag moved for summary judgment below, asserting qualified immunity. But he did not assert immunity against Walden's state-law claims. At least on this appeal, he thus forfeited his immunity defense against these claims. *See Bannister v. Knox Cnty. Bd. of Educ.*, 49 F.4th 1000, 1011 (6th Cir. 2022) ("[A] party has forfeited an argument when the party belatedly asserts it on appeal after having failed to raise it in the district court."). And since he "never moved for summary judgment on that basis," we lack jurisdiction to address his argument now. *Little*, 2024 WL 1530468, at *3.

IV.

For these reasons, we dismiss for lack of jurisdiction and remand to the district court for further proceedings consistent with this opinion.